IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 18 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| Metropolitan Life Insurance Company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14cv134 DPJ-FKB |
| | ) |
| Alaishia Thomas, James E. Thomas II, Daisy L. Harbin, Hattie P. Harris, and Lakeview Memorial Funeral Home, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its attorneys, and for its Complaint in Interpleader states:

### PARTIES

1. Interpleader Plaintiff MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Mississippi.

2. Upon information and belief, defendant Alaishia Thomas is the daughter of James E. Thomas (the "Decedent"), and she resides at 8230 Creekwood Dr., Davidson, Michigan.

3. Upon information and belief, defendant James E. Thomas, II, is the son of the Decedent and may be served with process at PSC 451 Box 510, FPO, AE 09834.

1

4. Upon information and belief, defendant Daisy L. Harbin is the cousin of the Decedent, and she resides at 235 Ironwood Dr., Vicksburg, Mississippi.

5. Upon information and belief, defendant Hattie P. Harris is the Decedent's sister and court-appointed guardian, and she resides at 6149 David Berger St., Mt. Morris, Michigan.

6. Upon information and belief, defendant Lakeview Memorial Funeral Home, LLC provided Decedent's funeral services. Lakeview Memorial Funeral Home, LLC is a limited liability company established and doing business in Mississippi and may be served with process on its registered agent, Arthur N. Willis, Jr., at 2102 Clay St., Vicksburg, Mississippi.

## JURISDICTION AND VENUE

7. This is an interpleader action under Rule 22 of the Federal Rules of Civil Procedure. The Court has original, federal question jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331 because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et seq.* This Court also has jurisdiction under 28 U.S.C. § 1335 (statutory interpleader) because two or more of the defendant-claimants have diverse citizenship and are claiming entitlement to life insurance benefits in plaintiff's custody the value of which exceeds $500.

8. Venue is proper pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

9. The Decedent, an employee of General Motors Corporation ("General Motors") was a participant in General Motors Corporation Group Life and Disability Benefits Program

(the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Motors and funded by a group life insurance policy issued by MetLife. A true and correct copy of the Summary Plan Description ("SPD) is attached as Exhibit A.

10. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

11. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). The group insurance certificate provides, at page 32, the right of a Plan participant to name his or her beneficiary and states that benefits will be paid to the beneficiary. A true and correct copy of the group insurance certificate is attached hereto as Exhibit B.

12. The most recent beneficiary designation on file with the Plan is dated October 25, 2007, and names Daisy L. Harbin, Decedent's cousin, as the primary beneficiary of the life insurance benefits at issue ("October 2007 designation"). A true and correct copy of the October 2007 designation is attached as Exhibit C.

13. The next prior beneficiary designation on file with the Plan is dated July 14, 2003, and names Hattie P. Harris, Decedent's sister and court-appointed guardian, as the sole, primary beneficiary of the life insurance benefits ("July 2003 designation"). A true and accurate copy of the July 2003 designation is attached as Exhibit D.

14. The next prior beneficiary designation on file with the Plan is dated January 26, 1992, and names Alaishia Thomas, Decedent's daughter, as the sole, primary beneficiary of the life insurance benefits ("January 1992 designation"). A true and accurate copy of the January 1992 designation is attached as Exhibit E.

15. The Decedent died on July 12, 2012. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit F.

16. At the time of his death, the Decedent was enrolled under the Plan for basic life insurance coverage in the total amount of FIFTY-THREE THOUSAND DOLLARS ($53,000) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary upon Decedent's death pursuant to the terms of the Plan.

17. By letter postmarked July 30, 2012, Linda Thomas, Decedent's ex-spouse and mother of their two children (Alaishia Thomas and James Thomas II), claimed the life insurance proceeds on behalf of the children. In her letter, Linda Thomas alleged that the October 2007 designation naming Daisy Harbin was invalid and, in support, stated that the Decedent had taken ill in 2001, had brain surgery which left him "without his short or long term memory" such that he no longer remembered her or his kids, that "[i]f James was in his right mind and was able to read he would have never taken his kids off his life ins." and that "[h]e was mentally unstable." A true and correct copy of Linda Thomas' July 30, 2012, letter is attached as Exhibit G.

18. On August 13, 2012, MetLife received a copy of Letters of Guardianship dated July 8, 2003, and issued to Hattie P. Harris appointing her as full guardian over the Decedent. A true and correct copy of the Letters of Guardianship received by MetLife is attached hereto as Exhibit H.

19. On August 27, 2012, MetLife received a Life Insurance Claim Form Claimant's Statement completed by or on behalf of Daisy Harbin dated August 15, 2012, whereby Daisy Harbin made claim for the subject Plan benefits. A true and correct copy of said Claimant's Statement is attached as Exhibit I.

20. On or about October 9, 2012, Linda Thomas provided to MetLife a copy of a Judgment of Divorce entered in or about March 2005 dissolving her marriage to the Decedent. A copy of said Judgment of Divorce is attached hereto as Exhibit J. The Judgment of Divorce provides as follows regarding Life Insurance for Minor Children:

> IT IS FURTHER ORDERED AND ADJUDGED that as further support for said minor children, both the Plaintiff and the Defendant shall forthwith irrevocably designate the minor children as beneficiary on any life insurance policies they may have, through their place of employment, and they shall continue said minor children as beneficiary of such policies until such time as said minor children shall attain the age of eighteen (18) years or finish high school, whichever shall occur later, but in any event, not to exceed such time as the child attains the age of 19-1/2, or until the further order of the Court.

21. MetLife has not been provided with any beneficiary designation by the Decedent whereby he designated his minor children as beneficiaries of the subject Plan life insurance benefits in accordance with the Judgment of Divorce. Further, at the time of the January 1992 designation wherein Alaishia Thomas was designated, the Decedent's other child, James E. Thomas, II, had not yet been born.

22. In further support of her claim, by letter dated November 11, 2012, Alaishia Thomas provided to MetLife a copy of an Application for Total and Permanent Disability Benefits purportedly made on behalf of the Decedent stating that in November 2001, Decedent suffered a subdural hematoma leaving him disabled and unable to work. A copy of said Application received by MetLife is attached as Exhibit K.

23. Out of the Plan benefits, Lakeview Memorial Funeral Home, LLC seeks payment of $1,400 for the Decedent's funeral services. On July 18, 2012, Alaishia Thomas assigned $1,400 of the insurance proceeds to Lakeview Memorial Funeral Home for Decedent's funeral

services. Separately, on August 15, 2012, Daisy Harbin also assigned $1,400 of the insurance proceeds to the Lakeview Memorial Funeral Home for Decedent's funeral service. True and correct copies of Alaishia Thomas's and Daisy Harbin's assignments are attached as Exhibit L. A true and correct copy of the invoice from Lakeview Memorial Funeral Home for Decedent's funeral services is attached as Exhibit M.

24. MetLife cannot determine whether a court would find either or both of the October 2007 and July 2003 beneficiary designations invalid as a result of the Decedent's alleged incompetence. Further, MetLife cannot determine whether a court would find the July 2003 beneficiary designation superseded by and subject to the subsequently issued Judgment of Divorce, and/or whether a court would find the October 2007 beneficiary designation in violation of and subject to the Judgment of Divorce because James E. Thomas II, had not turned 18 at the time of said designation.

25. If a court were to determine that the October 2007 designation is valid, then the Plan Benefits would be payable to Daisy Harbin (minus any amount validly assigned to Lakeview Memorial Funeral Home).

26. If a court were to determine that the October 2007 designation is invalid, but the July 2003 designation is valid, then the Plan Benefits would be payable to Hattie Harris.

27. Finally, if a court were to determine that both the October 2007 and July 2003 designations were invalid, then the Plan benefits would be payable to Alaishia Thomas based on the January 1992 designation (minus any amount validly assigned to Lakeview Memorial Funeral Home) and/or to James E. Thomas, II, based on the Judgment of Divorce.

28. MetLife cannot determine the proper beneficiary of the Plan Benefits at issue without risking exposure of itself, the Plan, and General Motors to multiple liability.

29. MetLife respectfully requests that this Court determine to whom said Plan Benefits should be paid. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action).

30. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant(s) the Court shall designate.

31. MetLife will deposit into the Registry of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

(i) Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court against MetLife, General Motors, or the Plan for the recovery of Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Plan Benefits, plus applicable interest, if any, should be paid;

(iii) Permitting MetLife to pay into the Registry of the Court the Plan Benefits, plus applicable interest, if any;

(iv)   Dismissing MetLife with prejudice from this action, and discharging MetLife, General Motors, and the Plan from any further liability upon payment of the Plan Benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v)    Awarding MetLife its costs and attorney's fees; and

(vi)   Awarding MetLife such other and further relief as this Court deems just equitable and proper.

Dated:  February 18, 2014

*Kenna L. Mansfield, Jr.* [MSB #1855]
Wells Marble & Hurst, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, MS 39157

*Attorneys for Plaintiff,*
*Metropolitan Life Insurance Company*